UNITED STATES DISTRICT COURT

District of Vermont

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 NOV 28 AM 10: 12

CLERK
BY _____
DEPUTY CLERK

BRUCE E. MERRITT - Plaintiff

v

UNITED STATES POSTAL SERVICE – Defendant 1

Gloria Hammond, Ludlow Vermont – Defendant 2

Ethan Darling, Hartland Vermont – Defendant 3

CASE NO. 5:18-cv-200

## COMPLAINT

Plaintiff, Bruce E. Merritt, representing himself Pro Se, demands damages from the Defendants 1, 2 and 3, and in support thereof states as follows in support of this lawsuit:

1. That the Plaintiff, Bruce E. Merritt, is an adult citizen of the State of Vermont and a resident of Windsor County.

2. That the Defendant, United States Postal Service, hereinafter referred to as "Defendant 1," is a government agency doing business in Vermont, who was the tenant of the premises known as Hartland Four Corners Post Office in Windsor County, Vermont.

3. That the Defendant, Gloria Hammond, hereinafter referred to as "Defendant 2", was/is the owner of the premises known as Hartland Four Corners Post Office in Windsor County, and leased the premises to Defendant 1.

4. That the Defendant, Ethan Darling, the individual, hereinafter referred to as "Defendant 3", is a resident of Windsor County in Vermont. He was hired by Defendant 1 to maintain the four space parking area at the Hartland Four Corners Post Office and was responsible for "timely removal of snow and ice from the sidewalks, driveway, parking and maneuvering areas" as required in Defendant 1's Lease. Defendant 3 was not registered as a company with the

Vermont Secretary of State at the time of the accident, and, by his own admission, had no written contract with Defendant 1. Defendant 3 did not have liability insurance at the time of his work for Defendant 1, the US Postal Service, which the US Postal Service was aware of but hired him anyway.

5. This court has jurisdiction in this matter under US Tort Claims Act.

6. That on or about December 1, 2015, the Plaintiff drove into the parking area of the Hartland Four Corners Post Office to retrieve his mail from his Post Office Box and to mail letters.

7. Plaintiff had been receiving mail at this Post Office for 25 years and relied on the Post Office to maintain safe conditions.

8. The weather for December 1, 2015, was predicted as light rain and mist, with the possibility of freezing rain, depending upon location.

9. That Plaintiff took one step out his truck and unbeknownst to him the area was icy and untreated. This caused the Plaintiff to slip and fall onto his back, hitting his head on the ice and knocking him unconscious, resulting in severe injuries more fully described below.

10. That at that same time and place, the parking lot had not been treated with sand for icy conditions to prevent injuries.

11. That due to lack of required maintenance of the broken drainage gutter, rain water flowed off of the roof of the building and onto the parking area, instead of following the gutter and draining to the back of the building away from the parking area as intended.

12. That as a result of the failure of the Defendants to maintain the building and treat common areas where ice formed at the Hartland Four Corners Post Office, Plaintiff sustained serious and severe injuries to his person, including, but not limited to, the following injuries: a broken back, T12 compression fracture with Kyphoplasty; concussion, with traumatic brain injury; cuts and bruises; post-

traumatic head and back pain; anxiety; and other serious and severe personal injuries.

13. Solely as a result of the injuries aforementioned, the Plaintiff has incurred damages, including:

    a. Medical expenses;

    b. Pain and suffering, past and future, and he has, may, and probably will for an indefinite time in the future suffer pain inconvenience, and embarrassment;

    c. Mental anguish;

    d. Disability;

    e. Loss of enjoyment of life;

    f. Loss of consortium;

    g. His overall health, strength, memory and vitality have been impaired.

## COUNT I
## NEGLIGENCE OF THE DEFENDANT 1

14. The Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 13 above as if more fully set forth herein at length.

15. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant, United States Postal Service, which consisted inter alia of the following particulars:

    a. Failing to properly supervise the common areas in question so as to furnish to the Plaintiff, Bruce E. Merritt, a safe parking area and sidewalk, free from hazards which were recognized or should have been recognized by Defendant 1, United States Post Office, as causing or likely to cause the serious physical harm to the Plaintiff, Bruce E. Merritt, and others;

b. Failing to maintain the above parking area and sidewalk in a safe condition to ensure that the Plaintiff would not be caused to slip and fall as a result of the ice which existed and weather conditions which were known, and should have been known, to the Defendant;

c. Failing to properly inspect the parking area and sidewalk wherein the Plaintiff was caused to fall as a result of not removing and/or treating the ice;

d. Failing to notify Defendant 2 of exterior building maintenance problems, as per their Lease, concerning the broken and missing gutter along the entrance walkway adjacent to the parking area, allowing rain water to flow off the roof uncontrolled into the parking area, resulting in an unsafe condition for Plaintiff and others;

e. Failing otherwise to comply with the applicable laws and regulations of the State of Vermont and the applicable Federal laws and regulations;

f. Failing to require Proof of Insurance from Defendant 3 as required under federal contracts.

g. Failing to hire a qualified company to maintain the parking area. Defendant 3 did not have the capability to grade the gravel parking area to keep it level and flat, and allow proper drainage, and eliminate areas where icy puddling occurred.

h. Failing to hire a qualified company that owned a sander for its truck to be able to sand the parking area to keep it safe.

i. Failing to follow USPS Maintenance Series Handbook MS-1 concerning Operation and Maintenance of Real Property, and other USPS facility construction and maintenance guidelines related to parking areas, lighting, snow removal plan, etc.

j. Otherwise failing to exercise the degree of care required under the circumstances; and

k. Otherwise being negligent.

## COUNT 2
## NEGLIGENCE OF THE DEFENDANT 2

16. The Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 13 above as if more fully set forth herein at length.

17. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant 2, Gloria Hammond, which consisted inter alia of the following particulars:

    a. Failing to "be responsible for regular cleaning of any gutters, downspouts, troughs, scuppers, roof drains, etc." as required in the Lease with Defendant 1.

    b. Failure to replace missing sections of gutter on the Post Office building adjacent to the parking area allowing rain water to drain onto the parking area where it supplemented rain that had fallen, and froze, creating ice.

    c. On information and belief, Defendant 2 and Defendant 1 were negotiating "sanitary and safety issues" related to the Post Office building at the time of Plaintiff's accident. 15 days after the accident, December 16, 2015, "services were suspended at the Hartland Four Corners Post Office". Defendant 2 was unable to "abate the issues with the building" and released Defendant 1, the Postal Service, from it's Lease as of January 29, 2016.

## COUNT 3
## NEGLIGENCE OF THE DEFENDANT 3

18. The Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 13 above as if more fully set forth herein at length.

19. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant 3, Ethan Darling, which consisted inter alia of the following particulars:

   a. Failing to sand the gravel parking area at any time on December 1, 2015, despite being on notice that the weather was raining, with the possibility of freezing rain.

   b. On information and belief, Defendant 3 visited the Post Office on the afternoon of December 1, and decided the area did not require treatment.

   c. On information and belief, Defendant 3 went to milk cows instead of treating the parking area.

   d. Defendant 3 did not revisit the Post Office parking area later that afternoon to check prevailing conditions even though he was on notice that weather may cause icy conditions. In fact, Defendant 3 had been to the Post Office earlier that day because he was aware of potential hazardous conditions.

   e. Failing to maintain a level parking area to allow proper drainage.

   f. Failing to provide sand and salt on site at the Post Office so that the Post Office personnel could apply these materials to walkways as needed, that had been done in the past by previous contractors.

   g. Defendant 3 did not have liability insurance at the time of his work for Defendant 1, the US Postal Service, which the US Postal Service was aware of but hired him anyway.

20. As a result of the aforesaid conduct and breach of care of the Defendants 1, 2 and 3, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

WHEREFORE: Plaintiff demands judgment against Defendants 1, 2 and 3, jointly and severally, of an amount greater than $75,000.00 to be determined at trial, plus costs,

pre-judgment interest, post-judgment interest, and for any further relief that this Honorable Court deems appropriate.

Respectfully submitted,

Bruce E. Merritt
Attorney, Pro Se

Date  11-28-18

Bruce E. Merritt
PO Box 100
Hartland Four Corners, Vermont 05049
802 436 2200 Phone
BruceMerritt1@gmail.com