U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2022 NOV 15 PM 2: 15

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| BRUCE E. MERRITT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:18-cv-200 |
| UNITED STATES OF AMERICA, ETHAN DARLING, and GLORIA HAMMOND, | ) |
| Defendants. | ) |

**OPINION AND ORDER ON MOTION FOR AWARD OF PREJUDGMENT INTEREST**
**(Doc. 227)**

After a bench trial in this negligence case concerning plaintiff Bruce Merritt's fall in the parking lot of the Hartland Four Corners post office in Hartland, Vermont on December 1, 2015, the court found that plaintiff and one of the defendants, Ethan Darling, were both partially at fault and concluded that defendant Darling was liable to plaintiff in the amount of $144,353. (Doc. 224 at 30.) The court ordered plaintiff to submit an interest calculation if he sought interest on the judgment. (*Id.*) Both sides have now submitted proposed calculations of prejudgment interest. (Docs. 227, 229, 230 and 231.)

### Discussion

The court exercised supplemental jurisdiction over plaintiff's claim against Mr. Darling because this case also included a claim against the United States. The calculation of prejudgment interest is controlled by Vermont law, not federal law. *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1998) ("[F]ederal law does not apply to the calculation of prejudgment interest on supplemental state law claims."). The parties agree that Vermont law applies and that the statutory rate is 12 percent per year. 9 V.S.A. § 41a(a).

Plaintiff requests $25,565.75 in pre-judgment interest on his medical expenses and $95,026.43 in discretionary interest on the general damages. (Doc. 227 at 5.) Defendant Darling requests that the court award $21,172.48 in interest on plaintiff's medical expenses only. (Doc. 229 at 2.) The difference between the two figures for interest on medical expenses is the date from which interest is calculated. Defendant Darling computed interest from the date that plaintiff incurred each expense while plaintiff computed interest from the date of his accident. (*See* Doc. 229-1 at 1.)

The court agrees with defendant Darling that prejudgment interest runs from the date each element of special damage is incurred, not the date of plaintiff's accident. "Prejudgment interest is awarded as of right when damages are liquidated or reasonably certain. The rationale is that the defendant can avoid the accrual of interest by simply tendering to the plaintiff a sum equal to the amount of damages." *EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 36, 181 Vt. 513, 928 A.2d 497 (internal quotation marks omitted and cleaned up).

The Vermont Supreme Court approved the award of prejudgment interest for medical bills in *Smedberg v. Detlef's Custodial Serv., Inc.*, 2007 VT 99, ¶ 38, 182 Vt. 349, 940 A.2d 674. In doing so, it noted that "as each medical expense was incurred, its cost and date was known precisely. It works no unfairness on tortfeasors to require them to pay prejudgment interest on medical expenses flowing from their wrongs." *Id.* Since the amount of these expenses is neither known nor owing until after the medical treatment is provided, it would be a windfall to award prejudgment interest *before* the treatment was provided.

The court has also considered Mr. Merritt's requested award of discretionary interest on his pain and suffering and declines to grant such an award. *See Estate of Fleming v. Nicholson*, 168 Vt. 495, 500, 724 A.2d 1026, 1029 (1998) (trial court maintains ability to award

prejudgment interest in a discretionary capacity to avoid injustice). The total amount due to Mr. Merritt, including prejudgment interest on medical bills, fairly compensates him for all aspects of his loss. The issues giving rise to liability, both factual and legal, were fairly contested by both sides. The court found that two of the three defendants, the United States and Gloria Hammond, were not liable at all. In the court's judgment, the total amount awarded, including approximately $21,000 in prejudgment interest on medical expenses in the amount of $30,603.13 (after reduction for comparative negligence), is sufficient to fully compensate plaintiff without a further award of prejudgment interest on the amount awarded for general damages.

The amounts due to plaintiff in the final judgment order are:

1. Damages in the amount of $144,353;

2. Pre-judgment interest in the amount of $21,172.48;

3. Costs in the amount of $2,927.40.[1]

Total: $168,452.88

## Conclusion

For the foregoing reasons, Mr. Merritt's Motion for Award of Prejudgment Interest (Doc. 227) is GRANTED IN PART and DENIED IN PART. The clerk shall enter final judgment in the amounts set out above.

Dated at Burlington, in the District of Vermont, this 15th day of November, 2022.

                                                Geoffrey W. Crawford, Chief Judge
                                                United States District Court

---

[1] The court removed the witness and mileage fee for Francene Ellis who was not permitted to testify at trial. Defendant Darling does not object to the remaining costs.